[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11139
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-03068-TWT

MARCUS SEBASTIAN PAYNE,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,
UNITED STATES DEPARTMENT OF THE TREASURY, INTERNAL
REVENUE SERVICE,
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 29, 2018)

Before MARTIN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Marcus Payne, proceeding pro se, appeals the district court's judgment in favor of the Department of Veterans Affairs ("VA") and the Equal Employment Opportunity Commission ("EEOC"). After careful review, we affirm.

Payne's claims arise out of his attempt to get administrative relief from the EEOC for his termination from the IRS, where he was working through an unpaid VA vocational training program. During the EEOC proceedings, the IRS submitted two declarations from a VA employee, Jennifer Kler. An Administrative Judge relied on Kler's declarations in granting partial summary judgment to Payne and partial summary judgment to the IRS. Payne appealed that judgment within the EEOC.

In the meantime, Payne submitted Freedom of Information Act ("FOIA") requests to the VA, asking for records related to Kler's declarations. After some back and forth, the VA gave Payne 84 pages of records. Dissatisfied with this production, Payne submitted another request.

Payne ultimately filed suit against the VA, the IRS, and the EEOC. Payne claims the VA violated FOIA, 5 U.S.C. § 552, and the Privacy Act, id. § 552a. He also claims the VA violated its regulations by releasing Kler's declarations to the IRS. He claims the EEOC violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., by failing to adjudicate his claim against the IRS. He also sued the IRS and the VA for intentional infliction of emotional distress under

2

Georgia law. He later voluntarily dismissed this claim. The EEOC closed his case when he filed his civil action.

The district court found the VA produced all records responsive to Payne's FOIA request and so granted summary judgment to the VA on mootness grounds. It dismissed the APA claims against the EEOC on sovereign immunity grounds. It dismissed the APA claim against the VA without discussion. It granted Payne's motion to dismiss the state-law tort claims. This appeal followed.

We review de novo questions of subject-matter jurisdiction, including mootness and sovereign immunity. See Flanigan's Enterps., Inc. v. City of Sandy Springs, 868 F.3d 1248, 1255 (11th Cir. 2017) (en banc); Contour Spa at the Hard Rock, Inc. v. Seminole Tribe of Fla., 692 F.3d 1200, 1203 (11th Cir. 2012). We review a grant of summary judgment de novo, applying the same standard as the district court. Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1263 (11th Cir. 2010). Summary judgment is appropriate where there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

The district court properly granted summary judgment to the VA on the FOIA and Privacy Act claims. A suit seeking the production of records under FOIA and the Privacy Act becomes moot once the plaintiff receives all requested

3

records.  See Lovell v. Alderete, 630 F.2d 428, 430–31 (5th Cir. 1980).[1]  The VA submitted evidence that it conducted an adequate search and produced all records responsive to Payne's requests.  Payne did not file a response to the summary-judgment motion, nor did he rebut the VA's evidence in a motion he filed seeking miscellaneous relief.  Under the Northern District of Georgia's Local Rules, an unrebutted fact is deemed admitted for summary-judgment purposes.  N.D. Ga. Civ. R. 56.1(B)(2).  There was thus no dispute that the VA produced everything it had.

Payne asserted for the first time in his reply brief in the district court that the VA did not produce responsive records in the form of email correspondence between Kler and other employees.  He reiterated this claim in his brief on appeal.  So far as this record shows, Payne never claimed this correspondence existed in months' worth of back-and-forth with the VA about his FOIA requests.  Neither did he allege the existence of such correspondence in his complaint.  In any event, this later filing was not a timely response to the VA's summary-judgment motion.  Id. 56.1(A) (requiring a response within 21 days after service of a summary-judgment motion).  Payne's untimely assertions did not create a genuine dispute of material fact.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.  Id. at 1209.

We also affirm the dismissal of the APA claim against the EEOC, though for a different reason than the one given by the district court.  See Rowell v. BellSouth Corp., 433 F.3d 794, 797– 98 (11th Cir. 2005).  Payne seems to want a federal court to compel the EEOC to take action on his appeal.  Under the APA, we may "compel agency action unlawfully withheld or unreasonably delayed," including an agency's "failure to act."  5 U.S.C. §§ 551(13), 706(1).  An APA claim based on a failure to act "may proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take."  Fanin v. U.S. Dep't of Veterans Affairs, 572 F.3d 868, 877–78 (11th Cir. 2009) (quotation marks omitted).  Payne has not identified a statute or regulation that requires the EEOC to act within a certain time period, nor are we aware of one.  In the absence of such a statute or regulation, we have no power to order the EEOC to act under 5 U.S.C. § 706.  See Norton v. S. Utah Wilderness All., 542 U.S. 55, 65, 124 S. Ct. 2373, 2380 (2004).  To the extent Payne claims the EEOC was not permitted to close his appeal when he filed a civil suit, he has provided no authority for this argument, either.

Finally, we affirm the dismissal of the APA claim against the VA as well. See Rowell, 433 F.3d at 797– 98.  Payne argues the disclosure of Kler's declarations to the IRS violated VA regulations governing the production of VA records in legal proceedings.  See 38 C.F.R. § 14.800 et seq.  But the regulations

5

he cites do not apply to "[l]egal proceedings in which the [VA] or the United States is a party, is represented or has a direct and substantial interest." Id. § 14.801(b)(2). The United States had a direct and substantial interest in the resolution of his EEOC complaint against the IRS, a federal agency. Thus, the VA did not have to comply with the regulations Payne says were violated. There was necessarily no "final agency action" or "failure to act" under those regulations that we can review under the APA. 5 U.S.C. §§ 704, 706.

Because we affirm the district court's judgment, we do not address whether Payne is entitled to a new district judge on remand.

**AFFIRMED.**